IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| **CHRISTOPHER CODY LESTER,** ) | |
| Plaintiff, ) | Case No. 7:23-cv-00077 |
| ) | |
| v. ) | |
| ) | By: Michael F. Urbanski |
| **VIRGINIA STATE BAR, et al.,** ) | Chief United States District Judge |
| Defendants. ) | |

## MEMORANDUM OPINION

Christopher Cody Lester, a Virginia inmate proceeding pro se, initiated this action by filing a form complaint under 42 U.S.C. § 1983 against the Virginia State Bar and three private law firms. The case is presently before the court for review under 28 U.S.C. § 1915A(a). Having reviewed the complaint, the court concludes that it must be dismissed for failure to state a claim against the named defendants.

### I. Background

Lester is incarcerated at the Southwest Virginia Regional Jail in Haysi, Virginia. According to the complaint and its attached exhibits, an attorney named Bruce Russell represented Lester in state court on a criminal matter. Lester asserts that Russell had a conflict of interest because he previously represented Lester's girlfriend, who was apparently one of Lester's codefendants. See Compl., ECF No. 1, at 2.

Lester filed complaints with the Virginia State Bar regarding several attorneys, including Russell. Lester faults the Virginia State Bar for not taking any actions against the attorneys in

response to his complaints. See id. at 2 (alleging that the Virginia State Bar "knowingly allowed a lawyer who has a conflict of interest . . . represent me after I complained to them").

## II. Standard of Review

The court is required to review a complaint in a civil action in which an inmate seeks redress from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). On review, the court must dismiss a complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1); see also 28 U.S.C. § 1915(e)(2)(B) (requiring the court to dismiss an action filed in forma pauperis if the court determines that the action fails to state a claim upon which relief may be granted). To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. While a complaint does not need "detailed factual allegations," merely offering "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Id. (internal quotation marks and citation omitted).

Where, as here, a complaint was filed pro se, it must be construed liberally. King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016). "Principles requiring generous construction of pro se complaints are not, however, without limits." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). A pro se complaint "must still 'state a claim to relief that is plausible

on its face.'" Sakyi v. Nationstar Mortg., LLC, 770 F. App'x 113, 113 (4th Cir 2019) (quoting Jackson v. Lightsey, 775 F.3d 170, 178 (4th Cir. 2014)).

### III. Discussion

Section 1983 imposes liability on any "person" who, under color of state law, deprives another person "of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). Having reviewed the complaint in accordance with the applicable law, the court concludes that it fails to state a plausible claim for relief under § 1983 against any of the named defendants.

It is well settled that a state agency is not a "person" within the meaning of § 1983. See Will v. Mich. Dep't of State Police, 491 U.S. 58, 67 (1989); Va. Office for Prot & Advocacy v. Reinhard, 405 F.3d 185, 188–89 (4th Cir. 2005). The Virginia State Bar is an agency of the Supreme Court of Virginia. Va. Code § 54.1-3910. Accordingly, it is a not a proper defendant in a § 1983 action. See Bishop v. State Bar of Texas, 791 F.2d 435, 438 (5th Cir. 1986) (holding that the plaintiff could not recover damages under § 1983 against the State Bar of Texas since the State Bar is an agency of the Texas judicial system) (citing Krempp v. Dobbs,775 F.2d 1319, 1321 & n.1 (5th Cir. 1985)); Clark v. Washington, 366 F.2d 678, 681 (9th Cir. 1966) (holding that the Washington State Bar Association is an "agency of the state" and therefore not a "person" subject to liability under § 1983).

The complaint also fails to state a claim against the "TJ O'Brien Law Firm," the "Penny Nimmo Law Firm," and the "Bruce Russell Law Firm." Compl. at 1. Lester does not allege facts from which the court could conclude that any of the private law firms acted "under color of state law." West, 487 U.S. at 48. "[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999) (internal quotation marks and citations omitted). Moreover, an attorney, whether retained or appointed by the court, does not act under color of state law when performing traditional functions as counsel. See Fleming v. Asbill, 42 F.3d 886, 890 (4th Cir. 1994) (explaining that "[p]rivate lawyers do not act 'under of color of state law' merely by making use of the state's court system"); Hall v. Quillen, 631 F.2d 1154, 1155–56 (4th Cir. 1980) (holding that a § 1983 action against a state-appointed attorney was subject to dismissal "for want of state action"); Deas v. Potts, 547 F.2d 800, 800 (4th Cir. 1976) (holding that a "private attorney who is retained to represent a criminal defendant is not acting under color of state law, and therefore is not amenable to suit under § 1983) (emphasis in original); see also Meeker v. Kercher, 782 F.2d 153, 155 (10th Cir. 1986) (concluding that "a guardian ad litem is not acting under color of state law for purposes of § 1983").

### IV.   Conclusion

For the foregoing reasons, the court concludes that the complaint must be dismissed for failure to state a claim against the named defendants. An appropriate order will be entered.

Entered: March 14, 2023

Michael F. Urbanski
Chief United States District Judge

Digitally signed by Michael F. Urbanski   Chief U.S. District Judge
Date: 2023.03.14 17:05:11 -04'00'

4